[Crim. No. 399.   Second Appellate District.—July 29, 1915.]

THE PEOPLE, Respondent, v. WILLIAM MORTON, Appellant.

CRIMINAL LAW—PROSECUTION UNDER SECTION 288 PENAL CODE—SUFFI-
CIENCY OF EVIDENCE.—In this prosecution for the crime defined in
section 288 of the Penal Code it is held that the evidence was suffi-
cient to sustain the verdict of conviction notwithstanding the ten-
der years of the witness for the prosecution.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

James Donovan, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant, upon an information duly charging him therewith, was convicted of committing the crime defined in section 288 of the Penal Code.

He appeals from the judgment and an order of court de-nying his motion for a new trial.

The only point presented worthy of consideration is that the evidence is insufficient to support the verdict. The ground for questioning the sufficiency of the evidence is not its charac-ter, but the tender ages of the witnesses by whom the facts constituting the crime were established. The child, seven years of age, upon whose person the offense is alleged to have been committed, testified to the acts done by defendant, and which, if true, leave no doubt as to the commission of the crime. Her evidence, in part at least, was corroborated by a boy of the age of eight years. The surrounding circumstances established are of little value as evidence. The jury, however, saw these two children upon the witness-stand and heard their testimony, as to the truth of which they were satisfied beyond a reasonable doubt. In addition to this, the learned judge who presided at the trial, having ample opportunity to judge

of the credibility of these witnesses and the weight which should be accorded their testimony, was impressed with its truth to a degree that, in his opinion, justified him in denying the defendant a new trial, and, notwithstanding defendant's sworn denials and evidence of his good character, imposed upon him a sentence of five years in state prison. It has been frequently said in such cases that the mere accusation tends strongly to prejudice one charged with such an offense, and therefore trial courts should exercise care in seeing that an accused is, upon trial, accorded every opportunity, by cross-examination of his accuser and otherwise, to fully present every matter of defense. That such course was pursued in the case at bar is apparent from the fact that appellant makes no complaint of any ruling other than the order denying his motion for a new trial.

The judgment and order must be and are affirmed.

Conrey, P. J., and James, J., concurred.